**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **FELD ENTERTAINMENT, INC.**<br><br>**Plaintiff,**<br>**v.**<br><br>**AMERICAN SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, *et al.*,**<br>**Defendants.** | ) | **Civ. No. 07-1532 (EGS)** |

**ANSWER OF KIMBERLY D. OCKENE TO FIRST AMENDED COMPLAINT**

Kimberly D. Ockene ("Defendant") hereby answers the separately numbered paragraphs of the First Amended Complaint by Feld Entertainment ("Plaintiff"), in her personal capacity as a defendant, as follows:

1. Paragraph 1 purports to be a description of the claim, to which no response is required, but to the extent a response is required, Defendant admits the filing of claims and the naming of defendants, as to which the Amended Complaint is the best evidence, and denies the existence of "FFA/HSUS".

2. Defendant admits the existence of the Complaint in *ASPCA v. Feld*, No. 03-2006, and that it is the best evidence of its contents, denies the allegations of paragraph 2 as to her, denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies them on that basis.

3. Defendant admits the existence of the Complaint in *ASPCA v. Feld*, and that it is the best evidence of its contents, denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 3, and denies them on that basis.

4. In response to the first sentence in paragraph 4, Defendant admits that Tom Rider was employed by FEI as a “barn helper” or “barn man.” As to the second sentence, Defendant admits that Mr. Rider worked for FEI for approximately 2-1/2 years but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the sentence and denies them on that basis. The final three sentences in paragraph 4 purport to be legal conclusions as to "aesthetic injury" to which no response is required, but to the extent a response is required, the allegations are denied. As to the remainder of the allegations in the final three sentences of paragraph 4, Defendant denies the existence of an entity “FFA/HSUS,” denies the allegations as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies them on that basis.

5. Defendant denies the existence of “FFA/HSUS,” and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5, and denies them on that basis.

6. In response to the first sentence in paragraph 6, Defendant denies the existence of “FFA/HSUS,” admits that she was aware of some funding provided to Mr. Rider, but denies the sentence in all other respects as to her, and lacks sufficient information to form a belief as to the allegations concerning other defendants and denies them on that basis. Defendant denies the remaining allegations in paragraph 6 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 6 as to others, and denies them on that basis.

7. Defendant denies the allegations of paragraph 7 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies them on that basis.

8. Defendant admits that the ESA action went to trial, but denies the rest of the first sentence of paragraph 8. Defendant admits the Court issued a memorandum opinion, and that the memorandum opinion is the best evidence of its contents, and otherwise denies the remaining allegations in paragraph 8.

9. Defendant denies the allegations in paragraph 9 as to her, denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 9, and denies them on that basis.

10. Defendant denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 10, and denies them on that basis.

11. Defendant denies the existence of "FFA/HSUS." In response to the first two sentences in paragraph 11, Defendant denies the allegations as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies them on that basis. Any IRS Forms 990 are the best evidence of their contents. Defendant denies the remaining allegations in paragraph 11 as to her, and lacks sufficient knowledge or information to form an opinion as to the remaining allegations in paragraph 11 as to others, and denies them on that basis.

12. Defendant admits that "defendants did not seek a preliminary injunction when they brought the ESA action in 2000," denies the remaining allegations in paragraph 12 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 12 as to others, and denies them on that basis.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Defendant admits that some funding was provided to Mr. Rider, admits that Mr. Rider gave testimony before various forums regarding the mistreatment of elephants, denies the remaining allegations of paragraph 17 as to her, denies the existence of “FFA/HSUS,” and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 as to others, and denies them on that basis.

18. Defendant admits that ASPCA, AWI, API, FFA and Rider were plaintiffs and FEI was a defendant in *ASPCA v. Feld*, denies the existence of “FFA/HSUS,” and otherwise denies the allegations in paragraph 18.

19. Defendant admits that Mr. Rider received and accepted funds originating from ASPCA, AWI, FFA, and API, either directly or following a donation to WAP, some of which was reimbursed to MGC, denies the existence of “FFA/HSUS,” and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 19, and denies them on that basis.

20. Defendant admits that Mr. Rider received funds originating from ASPCA, AWI, FFA or API, some of which followed a donation to WAP, and some of which was reimbursed to MGC, denies the existence of “FFA/HSUS,” and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 20, and denies them on that basis.

21. Defendant denies the existence of “FFA/HSUS,” admits that Mr. Rider received funds and some or all of the identified items in paragraph 21 over an extended period of time, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 21, and denies them on that basis.

22. Paragraph 22 purports to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

23. Paragraph 23 purports to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

24. Defendant denies the allegations in the first two sentences of paragraph 24 as to her, but lacks sufficient knowledge or information to form a belief as to the truth of those allegations as to others, and denies them on that basis. The remaining sentences in paragraph 24 purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

25. As to the allegations in the first sentence of Paragraph 25, Defendant denies the existence of "FFA/HSUS," admits that funding was provided to Mr. Rider by ASPCA, AWI, FFA, and API, either directly or following a donation to WAP, and at times through reimbursement to MGC, but otherwise denies the allegations. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence, and denies them on that basis. The remaining allegations in paragraph 25 are various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

26. Defendant denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations in Paragraph 26, and denies them on that basis. The remaining allegations purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

27. Defendant denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first two sentences of paragraph 27, and denies them on that basis. Defendant admits the existence of the trial record and the Court's memorandum opinion in *ASPCA v. Feld*, which are the best evidence of their contents, and as to all other allegations in the third sentence, lacks sufficient knowledge or information to form a belief as to the truth of the allegations and denies them on that basis. The fourth sentence purports to state

various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

28. Defendant denies the allegations of paragraph 28 as to her, denies the existence of "FFA/HSUS," and as to all other allegations lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and denies them on that basis.

29. Defendant denies the allegations of paragraph 29 as to her, denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of all other allegations in paragraph 29, and denies them on that basis.

30. Defendant denies the existence of "FFA/HSUS," and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the other allegations in the first two sentences of paragraph 30, and denies them on that basis. As for the third sentence, Defendant admits that API's cover letters to WAP had wording variations, but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in that sentence, and denies them on that basis.

31. In response to the first sentence in paragraph 31, Defendant denies the existence of "FFA/HSUS," denies the remaining allegations as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies them on that basis. In response to the second sentence in paragraph 31, Defendant denies that Mr. Rider's interrogatory response was "designed to conceal the payments he received," and lacks sufficient information or knowledge to form a belief as to the remaining allegations in that sentence, and denies them on that basis. The third sentence purports to state a conclusion of law, to which no response is required, but to the extent a response is required, the allegations are denied.

32. Denied.

33. Admitted.

34. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34, and denies them on that basis.

35. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 35, and denies them on that basis.

36. Defendant admits: (i) that The Fund for Animals ("FFA") and the Humane Society of the United States ("HSUS") are non-profit organizations, but denies that "FFA/HSUS" exists as an entity; (ii) that HSUS is the largest animal protection organization in the United States; (iii) the allegations in the fourth sentence of paragraph 36; (iv) that HSUS filed a Form 990 for calendar year 2008 and that document is the best evidence of its contents; (v) the allegations in the fifth sentence of paragraph 36, except she denies that "FFA/HSUS" exists as an entity; (vi) that Michael Markarian is the President of FFA; and (vii) employees of HSUS have appeared as counsel in the ESA action. Defendant denies the allegations of paragraph 36 in all other respects.

37. Defendant admits the allegations in the first sentence of paragraph 37, but lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence, and denies them on that basis.

38. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 38, and denies them on that basis.

39. Defendant admits the allegations in paragraph 39, except that she denies any characterization of the legal status of Meyer & Glitzenstein or Meyer, Glitzenstein & Crystal because they are conclusions of law, to which no response is required, and if a response is required, she lacks sufficient knowledge or information to form a belief as to the truth of those characterizations and denies them on that basis.

40. Admitted.

41. Admitted

42. Defendant admits the first and second sentence of paragraph 42, but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 42, and denies them on that basis.

43. Defendant admits the first sentence of paragraph 43, admits that some of Mr. Rider's funding was provided by WAP, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 43, and denies them on that basis.

44. Defendant admits the allegations in the first sentence of paragraph 44, admits that Mr. Lovvorn was employed by MGC and is currently employed by HSUS, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 44, and denies them on that basis.

45. Defendant admits: (i) the allegations in the first and fifth sentences of paragraph 45; (ii) that she is employed by HSUS, which is located at 2100 L Street, N.W., Washington, D.C. 20037; (iii) that she was an employee of Meyer & Glitzenstein, later Meyer Glitzenstein & Crystal, during part of the period alleged; (iv) that she appeared as one of the counsel for the plaintiffs in the 2003 ESA action while she was an employee of either Meyer & Glitzenstein/Meyer Glitzenstein & Crystal or HSUS, and entered her appearance at the end of September 2003; and (v) that she was aware of some of the funding provided to Mr. Rider. In all other respects Defendant denies the allegations of paragraph 45.

46. Defendant denies the existence of "FFA/HSUS." Paragraph 46 alleges legal conclusions as to which no response is required, but to the extent a response is required, Defendant is unable to determine from the Amended Complaint specific actions alleged as to her and denies the allegations in paragraph 46 as to her on that basis, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 46 as to others, and denies them on that basis.

47. Paragraph 47 purports to be a description of the claim, to which no response is required, but to the extent a response is required, Defendant admits the filing of claims, as to which the Amended Complaint is the best evidence, and otherwise denies the allegations.

48. Defendant denies that the Court has subject matter jurisdiction over the claims against defendant.

49. Admitted.

50. Paragraph 50 purports to characterize various pleadings and rulings of the Court. Defendant admits the existence of the pleadings and rulings and that they are the best evidence of their contents, and denies the existence of "FFA/HSUS."

51. Defendant admits the first sentence of paragraph 51. Defendant denies the existence of "FFA/HSUS," admits that complaints and briefs were filed and that they are the best evidence of their contents, admits that there was a trial of the ESA action and a memorandum opinion issued by the Court which is the best evidence of its contents, denies the remaining allegations of paragraph 51 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies them on that basis.

52. Defendant denies the existence of "FFA/HSUS," admits that there was a trial of the ESA action in which a large amount of evidence was given and a memorandum opinion was issued by the court, all of which is the best evidence of its contents. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 52, and denies them on that basis.

53. Defendant denies the allegations of paragraph 53 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to all other persons or entities identified, and thus denies them on that basis.

54. Defendant admits the first sentence of paragraph 54, denies the existence of "FFA/HSUS," admits that various pleadings were filed in the ESA Action, which are the best evidence of their contents, denies the remaining allegations of paragraph 54 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 54 as to others, and denies them on that basis.

55. Admitted, except as to the characterization of "FFA/HSUS" as an entity, which is denied.

56. Defendant admits that Complaint No. 03-2006 was not identical to Complaint No. 00-1641. Defendant denies the allegations in paragraph 56 in all other respects as to her, and lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations as to others, and denies them on that basis.

57. Defendant admits the existence of the Complaint in *ASPCA v. Feld*, and that it is the best evidence of its contents, and otherwise denies the allegations in paragraph 57.

58. Admitted.

59. Defendant admits that the Court issued a memorandum opinion in *ASPCA v. Feld*, No. 03-2006 which is the best evidence of its contents, and otherwise denies the allegations in paragraph 59.

60. Defendant denies the existence of "FFA/HSUS," denies the allegations in paragraph 60 as to her, and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 60, and denies them on that basis.

61. Defendant admits that Mr. Rider was employed by PAWS, a former plaintiff in the ESA Action, when the original complaint was filed. As to the remaining allegations in paragraph 61, Defendant denies the existence of "FFA/HSUS," refers to and incorporates her response to

paragraph 19, and otherwise lacks sufficient knowledge or information to form a belief as to their truth, and denies them on that basis.

62. Defendant admits that at some point in time Mr. Rider received funds from MGC, which were reimbursed by the clients. Defendant denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 62, and denies them on that basis.

63. Defendant admits that Mr. Rider received funding from all of the named entities at various times, denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 63, and denies them on that basis.

64. Paragraph 64 purports to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

65. Paragraph 65 purports to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

66. Paragraph 66 makes no allegations of fact related to this case, and thus no response is required. To the extent a response is required, the allegations are denied.

67. Defendant denies the existence of "FFA/HSUS," admits that Mr. Rider received funds from MGC or WAP that were billed to or originated at ASPCA, AWI, FFA, or API, admits that at times some of those organizations provided funding to Mr. Rider directly, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 67, and denies them on that basis.

68. Defendant admits that MGC provided funds to Mr. Rider and that some or all of those funds were reimbursed by the organizational plaintiffs, denies the existence of "FFA/HSUS,"

and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 68, and denies them on that basis.

69. Defendant admits that Mr. Rider received funds from MGC, WAP, ASPCA, AWI, and FFA, denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 69, and denies them on that basis.

70. Defendant admits that Mr. Rider received funds from AWI, FFA, and WAP, denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 70, and denies them on that basis.

71. Defendant admits that API became a plaintiff in the ESA Action in 2006, admits that API provided funds to Mr. Rider, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 71, and denies them on that basis.

72. Defendant admits that MGC provided funds to Mr. Rider, admits that the organizational plaintiffs reimbursed MGC for some or all of those amounts, admits that Meyer & Glitzenstein, Ms. Meyer, and Mr. Glitzenstein were counsel for plaintiffs in the ESA action at the time those funds were provided to Mr. Rider, denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 72, and denies them on that basis.

73. Defendant admits that Meyer & Glitzenstein/MGC provided funds to Mr. Rider, some or all of which were charged back to the organizational plaintiffs, denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 73, and denies them on that basis.

74. Defendant admits that MGC sent Mr. Rider a Form 1099 at some point, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 74, and denies them on that basis.

75. Defendant admits that there was funding provided by MGC to Mr. Rider that was subsequently reimbursed by WAP, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 75, and denies them on that basis.

76. Defendant denies the existence of "FFA/HSUS," admits the existence of the email referred to in paragraph 76, which is the best evidence of its contents, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 76, and denies them on that basis.

77. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 77, and denies them on that basis. The remaining allegations in paragraph 77 purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

78. Paragraph 78 purports to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

79. Paragraph 79 purports to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

80. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 80, and denies them on that basis. The second sentence purports to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

81. Defendant denies the existence of "FFA/HSUS," admits that the organizational plaintiffs did not provide the MGC Form 1099 or the MGC invoices in their initial response to the

discovery requests, and that those documents were produced after the Court's 2007 Order, denies that she "deliberately withheld" any such documents, admits the existence of those documents, which are the best evidence of their contents, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 81, and denies them on that basis.

82. Defendant admits that WAP provided funds to Mr. Rider, admits that AWI, FFA, ASPCA, and API provided funds to WAP that were used to provide funds to Mr. Rider, denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 82, and denies them on that basis.

83. Defendant admits the existence of the Forms 1099 issued by WAP, which are the best evidence of their contents, and otherwise denies the allegations in paragraph 83..

84. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 84, and denies them on that basis.

85. Defendant admits that WAP provided funds to Mr. Rider, but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 85, and denies them on that basis.

86. Defendant admits that the ASPCA provided a grant to WAP, admits that there was a cover letter related to that grant, which is the best evidence of its contents, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 86, and denies them on that basis.

87. Defendant admits that WAP provided funds to Mr. Rider, admits that at some point the ASPCA provided funds directly to Mr. Rider, admits that some of those funds from the ASPCA were provided via wire transfer, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 87, and denies them on that basis.

88. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 88, and denies them on that basis.

89. Defendant admits that at some point the ASPCA provided funds directly to Mr. Rider, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 89, and denies them on that basis.

90. Defendant admits that at some point the ASPCA stopped providing funding to Mr. Rider, denies the existence of “FFA/HSUS,” and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 90, and denies them on that basis.

91. Defendant admits that WAP provided funds to Mr. Rider, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 91, and denies them on that basis.

92. Defendant admits that AWI, API and FFA provided funds to WAP which were used to fund Mr. Rider’s media and public outreach campaign, denies the existence of “FFA/HSUS,” and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 92, and denies them on that basis.

93. Defendant admits that WAP used funds provided by AWI, API, and FFA to fund Mr. Rider’s media and public outreach campaign, denies the existence of “FFA/HSUS,” and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 93, and denies them on that basis.

94. Defendant admits that WAP provided funds to Mr. Rider, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 94, and denies them on that basis.

95. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 95, and denies them on that basis.

96. Defendant denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 96, and denies them on that basis.

97. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 97, and denies them on that basis.

98. Defendant admits that AWI, FFA, API, the ASPCA, WAP, and MGC provided funds to Mr. Rider, denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 98, and denies them on that basis. The allegations in the second sentence of paragraph 98 purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

99. Defendant denies the existence of "FFA/HSUS," admits that WAP used funds provided by the ASPCA, AWI, API, and FFA to fund Mr. Rider's media and public outreach campaign, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 98, and denies them on that basis. The second sentence of paragraph 99 purports to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

100. Defendant denies the existence of "FFA/HSUS," admits that the ESA Action went to trial, and was dismissed for lack of standing on December 30, 2009, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 100, and denies them on that basis. The allegations in the fourth sentence purport to state conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

101. Defendant denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 101, and denies them on that basis.

102. Defendant denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 102, and denies them on that basis.

103. Defendant denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 103, and denies them on that basis.

104. Defendant admits that WAP issued Forms 1099 to Mr. Rider, which are the best evidence of their contents, admits that API sent cover letters to WAP, which are the best evidence of their contents, denies the remaining allegations in paragraph 104 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 104 as to others, and denies them on that basis.

105. Defendant denies the existence of "FFA/HSUS," admits that at least some of the funds paid to Mr. Rider were used to fund his basic living expenses, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 105, and denies them on that basis.

106. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 106, and denies them on that basis.

107. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 107, and denies them on that basis.

108. Denied.

109. To the extent the allegations in paragraph 109 state conclusions of law, no response is required, but to the extent a response is required, the allegations are denied. In all other respects, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 109, and denies them on that basis.

110. To the extent the allegations in paragraph 110 state conclusions of law, no response is required, but to the extent a response is required, the allegations are denied. In all other respects, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 110, and denies them on that basis.

111. To the extent the allegations in paragraph 111 state conclusions of law, no response is required, but to the extent a response is required, the allegations are denied. In all other respects, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 111, and denies them on that basis.

112. Defendant admits that WAP provided funds to Mr. Rider, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 112, and denies them on that basis.

113. Defendant admits that the funding for Mr. Rider was sometimes sent by Federal Express, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 113, and denies them on that basis.

114. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 114, and denies them on that basis.

115. Defendant admits that there were cover letters accompanying at least some of the funds sent to Mr. Rider, which are the best evidence of their contents, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 115, and denies them on that basis.

116. Defendant admits that the funds provided to Mr. Rider were used to support his living expenses, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 116, and denies them on that basis.

117. Defendant admits that the funds provided to Mr. Rider were used to support his living expenses, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 117, and denies them on that basis.

118. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 118, and denies them on that basis.

119. Defendant denies the existence of "FFA/HSUS," admits the existence of the Court's memorandum opinion in *ASPCA v. Feld*, which is the best evidence of its contents, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 119, and denies them on that basis.

120. Defendant admits that there were cover letters accompanying at least some of the funds sent to Mr. Rider, which are the best evidence of their contents, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 120, and denies them on that basis.

121. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 121, and denies them on that basis.

122. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 122, and denies them on that basis.

123. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 123, and denies them on that basis.

124. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 124, and denies them on that basis. Defendant

admits that Mr. Rider and representatives of WAP testified during the course of the ESA action, the record of which is the best evidence of its contents, and lacks sufficient knowledge or information to form a belief as to the remainder of the allegations in paragraph 124 and denies them on that basis.

125. As to the first sentence of paragraph 125, Defendant denies the allegations as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies them on that basis. The allegations in the second sentence purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

126. Defendant admits that WAP provided funding to Mr. Rider, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 126, and denies them on that basis. As to the second sentence of paragraph 126, Defendant denies the allegations as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies them on that basis. The allegations in the third sentence purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

127. Defendant admits the existence of a grant proposal from Ms. Meyer that was sent to AWI, which is the best evidence of its contents, denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 127, and denies them on that basis.

128. Defendant admits that the grant proposal was sent to FFA, denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 127, and denies them on that basis.

129. To the extent the allegations in the first sentence of paragraph 129 state conclusions of law, no response is required, but to the extent a response is required, the allegations are denied. In all other respects, as to the first sentence of paragraph 129, Defendant denies the allegations as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies them on that basis. The allegations in the second sentence purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

130. To the extent the allegations in the first sentence of paragraph 130 state conclusions of law, no response is required, but to the extent a response is required, the allegations are denied. In all other respects, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 130, and denies them on that basis. The allegations in the second sentence purport to state various conclusions of law, as to which no response is required, but to the extent a response is required, the allegations are denied.

131. Defendant admits that the ASPCA provided Mr. Rider with funding, but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 131, and denies them on that basis.

132. Defendant admits that MGC provided funds to Mr. Rider that were subsequently reimbursed by the organizational plaintiffs, including the ASPCA, in invoices. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 132, and denies them on that basis.

133. Defendant admits that the ASPCA provided Mr. Rider with funds directly, but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 133, and denies them on that basis.

134. Defendant admits that the ASPCA at times paid for Mr. Rider's expenses directly, admits that Ms. Weisberg asked American Express for credit card records to ensure that she was producing all materials pertinent to specific funds provided to Mr. Rider, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 134, and denies them on that basis.

135. Defendant admits that the ASPCA directly provided Mr. Rider with some amount of funding, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 135, and denies them on that basis.

136. Defendant admits that the ASPCA provided grant funds to WAP to fund Mr. Rider's public outreach efforts. Defendant denies the remaining allegations in paragraph 136 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 136 as to others, and denies them on that basis.

137. Defendant admits that the ASPCA provided Mr. Rider with certain in-kind items to facilitate his work. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 137, and denies them on that basis.

138. Defendant denies the allegations of the first sentence of paragraph 138 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 138 as to others, and denies them on that basis. The allegations in the second sentence purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

139. Defendant denies the allegations of the first sentence of paragraph 139 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 139 as to others, and denies them on that basis. The allegations in the

second sentence purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

140. Defendant denies the allegations of the first sentence of paragraph 140 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 140 as to others, and denies them on that basis. The allegations in the second sentence purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

141. To the extent the allegations in paragraph 141 state conclusions of law, no response is required, but to the extent a response is required, the allegations are denied. In all other respects, Defendant denies the allegations in paragraph 141 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 141 as to others, and denies them on that basis.

142. To the extent the allegations in paragraph 142 state conclusions of law, no response is required, but to the extent a response is required, the allegations are denied. In all other respects, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 142, and denies them on that basis.

143. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 143, and denies them on that basis. The allegations in the second sentence purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

144. Defendant denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 144, and denies them on that basis.

145. Defendant denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 145, and denies them on that basis.

146. Defendant admits that MGC provided funds to Mr. Rider that were reimbursed by the organizational plaintiffs, including AWI. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 146, and denies them on that basis.

147. Defendant admits that AWI provided Mr. Rider with some funding directly, and that AWI at some point provided funds for Mr. Rider to fix his van. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 147, and denies them on that basis.

148. Defendant admits that AWI provided funds to WAP that were used to fund Mr. Rider's media and outreach efforts. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 148, and denies them on that basis.

149. Defendant admits that AWI provided funds for Mr. Rider. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 149, and denies them on that basis.

150. Defendant denies the allegations of the first sentence of paragraph 150 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 150 as to others, and denies them on that basis. The allegations in the second sentence purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

151. To the extent the allegations in the first sentence of paragraph 151 state conclusions of law, no response is required, but to the extent a response is required, the allegations are denied.

In all other respects, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence in paragraph 151, and denies them on that basis. The allegations in the second sentence purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

152. To the extent the allegations in the first sentence of paragraph 152 state conclusions of law, no response is required, but to the extent a response is required, the allegations are denied. In all other respects, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence in paragraph 152, and denies them on that basis. The allegations in the second sentence purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

153. To the extent the allegations in paragraph 153 state conclusions of law, no response is required, but to the extent a response is required, the allegations are denied. In all other respects, Defendant denies the allegations of paragraph 153 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 153 as to others, and denies them on that basis.

154. To the extent the allegations in paragraph 154 state conclusions of law, no response is required, but to the extent a response is required, the allegations are denied. In all other respects, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 154, and denies them on that basis.

155. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 155, and denies them on that basis. The allegations in the second sentence purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

156. Defendant denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 156, and denies them on that basis.

157. Defendant denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 157, and denies them on that basis.

158. Defendant denies the existence of "FFA/HSUS." Defendant admits that MGC provided funds to Mr. Rider that were reimbursed by the organizational plaintiffs, including FFA. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 158, and denies them on that basis.

159. Defendant denies the existence of "FFA/HSUS." Defendant admits that FFA provided some amount of funds directly to Mr. Rider. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 159, and denies them on that basis.

160. Defendant denies the existence of "FFA/HSUS." Defendant admits that FFA provided funds to WAP. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 160, and denies them on that basis.

161. Defendant denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 161, and denies them on that basis.

162. Defendant denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 162, and denies them on that basis.

163. Defendant denies the existence of "FFA/HSUS." To the extent the allegations in the first sentence of paragraph 163 state conclusions of law, no response is required, but to the extent a response is required, the allegations are denied. In all other respects, Defendant denies the allegations in the first sentence of paragraph 163 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 163, and denies them on that basis. The allegations in the second sentence purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

164. Defendant denies the existence of "FFA/HSUS," denies the allegations in the first sentence of paragraph 164 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 164, and denies them on that basis. The allegations in the second sentence purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

165. Defendant denies the existence of "FFA/HSUS." To the extent the allegations in the first sentence of paragraph 165 state conclusions of law, no response is required, but to the extent a response is required, the allegations are denied. In all other respects, Defendant denies the allegations in the first sentence of paragraph 165 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 165, and denies them on that basis. The allegations in the second sentence purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

166. Defendant denies the existence of "FFA/HSUS." To the extent the allegations in the first sentence of paragraph 166 state conclusions of law, no response is required, but to the extent a response is required, the allegations are denied. In all other respects, Defendant denies the

allegations in paragraph 166 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 166, and denies them on that basis.

167. To the extent the allegations in paragraph 167 state conclusions of law, no response is required, but to the extent a response is required, the allegations are denied. In all other respects, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 167, and denies them on that basis.

168. Defendant denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 168, and denies them on that basis. The allegations in the second sentence purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

169. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 169, and denies them on that basis.

170. Defendant admits that API provided funds to WAP. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 170, and denies them on that basis.

171. Defendant admits the existence of cover letters from API to WAP, and that the letters are the best evidence of their contents. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 171, and denies them on that basis.

172. Defendant admits that API provided some funds directly to Mr. Rider. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 172, and denies them on that basis.

173. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 173, and denies them on that basis.

174. To the extent the allegations in the first sentence of paragraph 174 state conclusions of law, no response is required, but to the extent a response is required, the allegations are denied. In all other respects, Defendant denies the allegations of the first sentence of paragraph 174 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 174 as to others, and denies them on that basis. The allegations in the second sentence purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

175. To the extent the allegations in the first sentence of paragraph 175 state conclusions of law, no response is required, but to the extent a response is required, the allegations are denied. In all other respects, Defendant denies the allegations of the first sentence of paragraph 175 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 175 as to others, and denies them on that basis. The allegations in the second sentence purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

176. To the extent the allegations in the first sentence of paragraph 176 state conclusions of law, no response is required, but to the extent a response is required, the allegations are denied. In all other respects, Defendant denies the allegations in paragraph 176 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 176 as to others, and denies them on that basis.

177. To the extent the allegations in paragraph 177 state conclusions of law, no response is required, but to the extent a response is required, the allegations are denied. In all other respects,

Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 151, and denies them on that basis.

178. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 178, and denies them on that basis. The allegations in the second sentence purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

179. Defendant denies the existence of "FFA/HSUS," admits that a fundraiser was held in July 2005 that she attended, admits the existence of an invitation to the fundraiser, which is the best evidence of its contents, denies that she "participated directly" in any "solicitation of funds," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 179, and denies them on that basis.

180. Defendant denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 180, and denies them on that basis.

181. Defendant denies the existence of "FFA/HSUS." To the extent the allegations in the first sentence of paragraph 181 state conclusions of law, no response is required, but to the extent a response is required, the allegations are denied. In all other respects, Defendant denies the allegations in the first sentence of paragraph 181 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 181 as to others in the first sentence, and denies them on that basis. The second sentence in paragraph 181 purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

182. Defendant denies the existence of "FFA/HSUS." To the extent the allegations in paragraph 182 state conclusions of law, no response is required, but to the extent a response is

required, the allegations are denied. In all other respects, Defendant denies the allegations in paragraph 182 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others in paragraph 182, and denies them on that basis.

183. To the extent the allegations in the first sentence of paragraph 183 state conclusions of law, no response is required, but to the extent a response is required, the allegations are denied. In all other respects, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 183, and denies them on that basis.

184. Defendant admits that Mr. Rider has provided testimony and statements in various forums and documents concerning his experience working with the Asian elephants at the Ringling Bros. Circus. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 184, and denies them on that basis.

185. Defendant denies the existence of "FFA/HSUS," admits that there were interrogatory responses in the ESA action which are the best evidence of their contents, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 185, and denies them on that basis.

186. Defendant denies the existence of "FFA/HSUS," admits the existence of statements by Mr. Rider which are the best evidence of their contents, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 186, and denies them on that basis.

187. Defendant admits the existence of statements by Mr. Rider which are the best evidence of their contents, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 187, and denies them on that basis.

188. Defendant denies the existence of "FFA/HSUS," admits the existence of statements by Mr. Rider which are the best evidence of their contents, and lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations in paragraph 188, and denies them on that basis.

189. Defendant denies the existence of "FFA/HSUS," admits the existence of statements by Mr. Rider which are the best evidence of their contents, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 189, and denies them on that basis.

190. Defendant admits that Mr. Rider appeared as a witness at trial and that the trial record is the best evidence of his testimony, admits the existence of a memorandum opinion by the Court in *ASPCA v. Feld*, which is the best evidence of its contents, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 190, and denies them on that basis.

191. The allegations in paragraph 191 purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

192. Defendant denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 192, and denies them on that basis.

193. Defendant denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 193, and denies them on that basis.

194. Defendant admits the existence of a motion to compel and a WAP website, each of which is the best evidence of its contents, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 194, and denies them on that basis.

195. Defendant admits the existence of cover letters from API to WAP, which are the best evidence of their contents. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 195, and denies them on that basis.

196. Defendant denies the existence of "FFA/HSUS," admits that the organizational plaintiffs submitted discovery responses, which are the best evidence of their contents, denies she participated in or was aware of any "cover-up scheme," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 196, and denies them on that basis.

197. Defendant denies the existence of "FFA/HSUS," admits that there were depositions and interrogatory responses, the record of which is the best evidence of their contents, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first two sentences of paragraph 197, and denies them on that basis. The third sentence purports to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

198. Defendant admits that the disclosure of substantial amounts of information about funding provided to Mr. Rider occurred before August 23, 2007, and that additional information concerning Mr. Rider's funding was provided to Plaintiff after that date, but otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 198, and denies them on that basis.

199. Defendant admits that AWI responded to interrogatories in the ESA action and that those responses are the best evidence of their contents, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 199, and denies them on that basis.

200. Defendant denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 200, and denies them on that basis.

201. Defendant admits that FEI issued interrogatories and that AWI responded to interrogatories in the ESA action, and that those documents are the best evidence of their contents, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 201, and denies them on that basis.

202. Defendant admits that FEI issued interrogatories and that AWI responded to interrogatories in the ESA action, and that those documents are the best evidence of their contents, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 202, and denies them on that basis.

203. Defendant admits that FEI issued interrogatories and that AWI responded to interrogatories in the ESA action, and that those documents are the best evidence of their contents, denies she participated in or was aware of any "cover-up," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 203, and denies them on that basis.

204. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 204, and denies them on that basis.

205. The allegations in paragraph 205 purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

206. Defendant admits the existence of an AWI 30(b)(6) deposition and that the record of that deposition is the best evidence of its contents, and denies the characterization of that testimony in paragraph 206.

207. Defendant denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 207, and denies them on that basis.

208. Defendant denies the existence of "FFA/HSUS," admits that AWI provided Mr. Rider with funding for his media and public outreach campaign prior to the AWI 30(b)(6) deposition, admits that WAP had also provided Mr. Rider with funding prior to that time, some of which originated with AWI, admits that MGC provided Mr. Rider with funding, some of which was reimbursed by AWI, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 208 and denies them on that basis.

209. Defendant denies the existence of "FFA/HSUS," admits the existence of an AWI 30(b)(6) deposition and that the record of that deposition is the best evidence of its contents, denies the characterization of that testimony in paragraph 209, admits that WAP provided Mr. Rider with funding, some of which originated with AWI, admits that MGC provided Mr. Rider with funding, some of which was charged back to AWI in invoices, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 209 and denies them on that basis.

210. Defendant denies the existence of "FFA/HSUS," admits the existence of invoices sent by MGC to the organizational plaintiffs, including AWI, which are the best evidence of their contents, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 210, and denies them on that basis.

211. Defendant denies the existence of "FFA/HSUS," admits the existence of an email from Lisa Weisberg which is the best evidence of its contents, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 211, and denies them on that basis.

212. Defendant denies the existence of "FFA/HSUS," admits the existence of an ASPCA 30(b)(6) deposition and that the record of that deposition is the best evidence of its contents, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 212, and denies them on that basis.

213. Defendant denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 213, and denies them on that basis.

214. To the extent the allegations in paragraph 214 state conclusions of law, no response is required, but to the extent a response is required, the allegations are denied. In all other respects, Defendant denies the allegations in paragraph 214 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 214, and denies them on that basis.

215. To the extent the allegations in paragraph 214 state conclusions of law, no response is required, but to the extent a response is required, the allegations are denied. In all other respects, Defendant denies the allegations in paragraph 215 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 215, and denies them on that basis.

216. The allegations in paragraph 216 purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

217. Defendant denies the existence of "FFA/HSUS," admits the existence of an FFA 30(b)(6) deposition and that the record of that deposition is the best evidence of its contents, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 217, and denies them on that basis.

218. Defendant denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 218, and denies them on that basis.

219. Defendant denies the existence of "FFA/HSUS," admits that WAP provided Mr. Rider with funding, some of which originated with FFA, admits that MGC provided Mr. Rider with funding, some of which was charged back to FFA in invoices, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 208 and denies them on that basis.

220. Defendant denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 220, and denies them on that basis.

221. Defendant denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 220, and denies them on that basis.

222. Defendant denies the existence of "FFA/HSUS," and the remaining allegations in paragraph 222 purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

223. Defendant admits that Mr. Rider responded to interrogatories in the ESA action which are the best evidence of their contents, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 223, and denies them on that basis.

224. Defendant denies the existence of "FFA/HSUS," admits that AWI, FFA, the ASPCA, and WAP provided funds to Mr. Rider, and that MGC also provided funds to Mr. Rider some or all of which were charged to the organizational plaintiffs, and lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations, and denies them on that basis.

225. Defendant admits that FEI issued interrogatories and that Mr. Rider responded to interrogatories in the ESA action, and that those documents are the best evidence of their contents, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 225, and denies them on that basis.

226. Defendant denies the existence of “FFA/HSUS,” and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 226, and denies them on that basis.

227. Defendant denies the existence of “FFA/HSUS,” denies the allegations in paragraph 227 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and denies them on that basis.

228. Defendant denies the allegations in paragraph 228 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and denies them on that basis.

229. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 229, and denies them on that basis.

230. The allegations in paragraph 230 purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

231. Defendant denies the existence of “FFA/HSUS,” admits there was a show cause hearing as alleged in the first sentence of paragraph 231 and that that the record of the hearing is the best evidence of what occurred, admits that Mr. Rider was a named plaintiff and did not appear at the hearing, denies that anyone asked Defendant to accept a subpoena for Mr. Rider from FEI, denies that she ever “procured” Mr. Rider’s absence from the hearing, or told him not to attend, and

lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 231, and denies them on that basis.

232. Defendant denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 232, and denies them on that basis.

233. The allegations in paragraph 233 purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied. Defendant.

234. The allegations in paragraph 234 purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

235. Defendant denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 235, and denies them on that basis.

236. Defendant denies the allegations in paragraph 236 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 236, and denies them on that basis.

237. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 237, and denies them on that basis.

238. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 238, and denies them on that basis.

239. Defendant denies the existence of "FFA/HSUS," admits that Mr. Rider has testified in support of legislation related to elephants, admits that one or more of the named organizations provided funds to assist Mr. Rider in providing such testimony, and lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations in paragraph 239, and denies them on that basis.

240. Defendant denies the existence of "FFA/HSUS," and the allegations in paragraph 240 otherwise purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

241. Defendant denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 241 and denies them on that basis.

242. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 242, and denies them on that basis.

243. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 243, and denies them on that basis.

244. Defendant denies the existence of "FFA/HSUS," admits that some of the plaintiffs in *ASPCA v. Feld* prepared a report concerning FEI's treatment of elephants, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 244, and denies them on that basis.

245. Defendant denies the allegations in paragraph 245 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 245, and denies them on that basis.

246. Defendant denies the allegations in paragraph 246 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 246 as to others, and denies them on that basis.

247. Defendant denies the allegations in paragraph 247 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 247 as to others, and denies them on that basis.

248. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 248, and denies them on that basis.

249. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 249, and denies them on that basis.

250. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 250, and denies them on that basis.

251. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 251, and denies them on that basis.

252. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 252, and denies them on that basis.

253. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 253, and denies them on that basis.

254. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 254, and denies them on that basis.

255. Defendant admits that MGC has represented PETA in litigation, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 255, and denies them on that basis.

256. Defendant admits that Frank Hagan was subpoenaed in the ESA Action, and that the subpoena is the best evidence of its contents, admits that Mr. Hagan traveled to Washington D.C. and met with Ms. Meyer, admits that Mr. Hagan was deposed and that the record of that deposition

is the best evidence of its contents, and lacks sufficient knowledge or information to form a belief as to the remainder of the allegations in paragraph 256, and denies them on that basis.

257. Defendant admits that Mr. Hagan was deposed as a third-party witness in the ESA Action, and that the record of that deposition is the best evidence of its contents. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in paragraph 257, and denies them on that basis.

258. Defendant admits that Glen Ewell was originally a plaintiff in the ESA Action and withdrew from the case, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 258, and denies them on that basis.

259. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 259, and denies them on that basis.

260. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 260, and denies them on that basis.

261. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 261, and denies them on that basis.

262. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 262, and denies them on that basis.

263. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 263, and denies them on that basis.

264. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 264, and denies them on that basis.

265. Defendant admits that MGC has represented PETA in litigation, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 265, and denies them on that basis.

266. Defendant admits the first and second sentences of paragraph 266, admits that the deposition of Mrs. Tom occurred and that the record of that deposition is the best evidence of its contents, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 266, and denies them on that basis.

267. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 267, and denies them on that basis.

268. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 268, and denies them on that basis.

269. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 269, and denies them on that basis.

270. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 270, and denies them on that basis.

271. Defendant denies the allegations in paragraph 271 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 271 as to others, and denies them on that basis.

272. Defendant admits that Ms. Hundley appeared at the trial in the ESA action and that the trial record is the best evidence of its contents, and otherwise denies the allegations in paragraph 272.

273. Defendant denies the allegations in paragraph 273 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 273 as to others, and denies them on that basis.

274. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 274, and denies them on that basis.

275. Paragraph 275 realleges and incorporates previous paragraphs, and thus no response is required. To the extent a response is required, the allegations are denied.

276. The allegations in paragraph 276 purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

277. Defendant denies that she was part of an “associated-in-fact enterprise” with other defendants. The remaining allegations in paragraph 277 purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

278. Denied.

279. Denied.

280. Denied.

281. Denied.

282. Denied.

283. The allegations in paragraph 283 purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied. Defendant specifically denies any allegation that she engaged in unlawful conduct of any type.

284. The allegations in paragraph 284 purport to state a conclusion of law, to which no response is required, but to the extent a response is required, the allegations are denied.

285. The allegations in paragraph 285 purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied. Defendant specifically denies any allegation that she engaged in unlawful conduct of any type.

286. The allegations in paragraph 286 purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied. Defendant specifically denies any allegation that she engaged in unlawful conduct of any type.

287. The allegations in paragraph 287 purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied. Defendant specifically denies any allegation that she engaged in unlawful conduct of any type.

288. The allegations in paragraph 288 purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

289. Paragraph 289 realleges and incorporates previous paragraphs, and thus no response is required. To the extent a response is required, the allegations are denied.

290. Denied.

291. Denied.

292. Denied.

293. Denied.

294. Denied.

295. Denied.

296. Denied.

297. Denied.

298. Denied.

299. Denied.

300. Denied.

301. Denied.

302. Paragraph 302 realleges and incorporates previous paragraphs, and thus no response is required. To the extent a response is required, the allegations are denied.

303. Defendant denies the existence of "FFA/HSUS," and otherwise admits the allegations in paragraph 303.

304. Defendant admits there was a trial in the ESA action following which the Court issued a memorandum opinion, which is the best evidence of its contents, and otherwise denies the allegations in paragraph 304.

305. Defendant denies the allegations of paragraph 305 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 305 as to others, and denies them on that basis.

306. In the absence of the identification of any specific communications in paragraph 306, Defendant denies the allegations in paragraph 306 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 306 as to others, and denies them on that basis.

307. Defendant denies the existence of “FFA/HSUS,” denies the allegations in paragraph 307 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 307 as to others, and denies them on that basis.

308. Defendant denies the existence of “FFA/HSUS,” admits that one or more of the named organizations held a fundraising event in July 2005, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 308, and denies them on that basis.

309. Defendant denies the existence of “FFA/HSUS,” and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 309, and denies them on that basis.

310. Denied.

311. Defendant admits that some of the defendants pursued legislative efforts and/or interacted with the press regarding the treatment of elephants, and lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations in paragraph 311, and denies them on that basis.

312. Defendant denies the allegations in paragraph 312 as to her, denies the existence of "FFA/HSUS," admits that Mr. Rider gave statements to public bodies and the records of those statements are the best evidence of their contents, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 312, and denies them on that basis.

313. Denied.

314. Defendant admits that plaintiffs in the ESA action did not seek a preliminary injunction in 2000, and denies all remaining allegations in paragraph 314.

315. Denied, except that Defendant lacks sufficient knowledge or information to determine the length of a permit proceeding, and denies that allegation on that basis.

316. Denied.

317. Defendant denies the allegations in paragraph 317 as to her, denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 317 as to others, and denies them on that basis.

318. Defendant denies the allegations in paragraph 318 as to her, denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 318 as to others, and denies them on that basis.

319. Defendant denies the allegations in paragraph 319 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 319 as to others, and denies them on that basis.

320. Defendant denies the allegations in paragraph 320 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 320 as to others, and denies them on that basis.

321. Paragraph 321 appears to be a statement of relief FEI seeks, and as such requires no response, but to the extent a response is required, the allegation is denied.

322. Paragraph 322 appears to be a statement of relief FEI seeks, and as such requires no response, but to the extent a response is required, the allegations are denied.

323. Paragraph 323 realleges and incorporates previous paragraphs, and thus no response is required. To the extent a response is required, the allegations are denied.

324. Defendant admits the existence of a memorandum opinion and entry of judgment by the Court in *ASPCA v. Feld*, which is the best evidence of their respective contents, and otherwise denies the allegations in paragraph 324.

325. Denied.

326. Denied.

327. Defendant denies the allegations in paragraph 327 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 327 as to others, and denies them on that basis.

328. Defendant admits the existence of a memorandum opinion and entry of judgment by the Court in *ASPCA v. Feld*, which is the best evidence of their respective contents, and otherwise denies the allegations in paragraph 328.

329. Defendant denies the allegations in paragraph 329 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 329 as to others, and denies them on that basis.

330. Defendant denies the allegations in paragraph 330 as to her, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 330 as to others, and denies them on that basis.

331. The allegations in paragraph 331 purport to state various conclusions of law, to which no response is required, but to the extent a response is required, the allegations are denied.

332. Denied.

333. Paragraph 333 is a prayer for relief, to which no response is required, but to the extent a response is required the allegations are denied.

334. Paragraph 334 realleges and incorporates previous paragraphs, and thus no response is required. To the extent a response is required, the allegations are denied.

335. Defendant admits that WAP was not a party to the ESA action, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 335, and denies them on that basis.

336. Defendant denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 336, and denies them on that basis.

337. Defendant denies the existence of "FFA/HSUS," and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 337, and denies them on that basis.

338. Denied, except to admit that the Court ruled that API did not have standing.

339. Denied.

340. The allegations in paragraph 340 purport to state a conclusion of law, to which no response is required, but to the extent a response is required, the allegations are denied.

341. Denied.

342. Denied.

343. Denied.

344. Paragraph 344 is a prayer for relief, to which no response is required, but to the extent a response is required the allegations are denied.

345. Plaintiff's claim for champerty was dismissed by the Court and therefore no response is required, but to the extent a response is required, the allegations are denied.

346. Plaintiff's claim for champerty was dismissed by the Court and therefore no response is required, but to the extent a response is required, the allegations are denied.

347. Plaintiff's claim for champerty was dismissed by the Court and therefore no response is required, but to the extent a response is required, the allegations are denied.

348. Plaintiff's claim for champerty was dismissed by the Court and therefore no response is required, but to the extent a response is required, the allegations are denied. Defendant specifically denies that she ever had any claim to attorneys' fees in any of the legal actions at issue, or had any agreement with Mr. Rider or any other person or organization concerning such a claim.

349. Plaintiff's claim for champerty was dismissed by the Court and therefore no response is required, but to the extent a response is required, the allegations are denied.

350. Plaintiff's claim for champerty was dismissed by the Court and therefore no response is required, but to the extent a response is required, the allegations are denied.

351. Plaintiff's claim for champerty was dismissed by the Court and therefore no response is required, but to the extent a response is required, the allegations are denied.

352. Plaintiff's claim for champerty was dismissed by the Court and therefore no response is required, but to the extent a response is required, the allegations are denied.

353. Plaintiff's claim for champerty was dismissed by the Court and therefore no response is required, but to the extent a response is required, the allegations are denied.

354. Plaintiff's claim for champerty was dismissed by the Court and therefore no response is required, but to the extent a response is required, the allegations are denied.

**AFFIRMATIVE DEFENSES**

As affirmative defenses, Defendant avers as follows:

First Affirmative Defense

The Amended Complaint fails to state any claim upon which relief may be granted.

Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

Third Affirmative Defense

Plaintiff's claims must be dismissed pursuant to the Noerr-Pennington Doctrine.

Fourth Affirmative Defense

Plaintiff's claims must be dismissed because they infringe upon the First Amendment rights of the defendants.

Fifth Affirmative Defense

Plaintiff lacks Article III standing to pursue the claims stated.

Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by doctrines of estoppel, waiver, laches, unclean hands, *in pari delicto*, and/or assumption of risk.

Seventh Affirmative Defense

The relief sought by plaintiff is so egregiously excessive and inequitable that it would violate the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

Eighth Affirmative Defense

In all aspects of her participation in the ESA action, Defendant acted in good faith in accordance Rule 1.3(a) of the D.C. Bar Rules of Professional Conduct to represent her clients zealously and diligently within the bounds of the law.

Ninth Affirmative Defense

Defendant has no vicarious liability as a partner of any other defendant or of any law firm because (i) Defendant has never been a general partner in any law firm, (ii) any unlawful acts by a partner of any such firm were unauthorized by the partnership, and (iii) any unlawful acts by a partner of any such firms were made without Defendant's actual or apparent consent, authorization, knowledge or ratification.

Tenth Affirmative Defense

Plaintiff failed to mitigate damages.

Eleventh Affirmative Defense

Plaintiff's alleged injuries or damages, if any, were proximately caused by the plaintiff's contributory negligence.

Twelfth Affirmative Defense

Plaintiff's alleged injuries or damages, if any, were proximately caused by the superseding and/or intervening acts of others without the consent, authorization, knowledge, or ratification of Defendant.

Thirteenth Affirmative Defense

Plaintiff's claims are barred because they are compulsory counterclaims pursuant to Fed. R. Civ. 13(a) that were required to be brought, if at all, in the ESA action.

Fourteenth Affirmative Defense

Plaintiff's maintenance claim fails because it is not recognized in this jurisdiction, defendant did not fund any part of the litigation at issue, and Defendant had and has a strong interest in advancing the humane treatment of performing animals.

Fifteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata and/or collateral estoppel.

Sixteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the District of Columbia Anti-SLAPP Act, D.C. Code § 16-5501 *et seq*.

Seventeenth Affirmative Defense

Defendant is entitled to a reduction in damages equal to any amounts obtained by Plaintiff pursuant to recoveries, awards, reimbursements, or indemnities for the same alleged injuries or damages, plus the value of any other benefit or payment conferred on Plaintiff from any source that had the effect of reducing Plaintiff's loss.

Eighteenth Affirmative Defense

Defendant incorporates by reference herein affirmative defenses raised by other defendants.

Nineteenth Affirmative Defense

Defendant intends to rely upon any and all other defenses that might become available during the course of this litigation and reserves the right to supplement these Affirmative Defenses based upon discovery in this matter.

**JURY TRIAL DEMAND**

Defendant demands a trial by jury.

**PRAYER FOR RELIEF**

Wherefore, Defendant requests that this Court:

(1) Dismiss this action with prejudice;

(2) Award Defendant's costs, attorneys' fees, and other appropriate sanctions under 28 U.S.C. § 1927, and any other applicable provision of law; and

(3) Award such further relief as the Court deems proper.

Respectfully submitted,

/s/ Andrew B. Weissman
Andrew B. Weissman
D.C. Bar No. 245720
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
(202) 663-6000 (telephone)
(202) 663-6363 (facsimile)
andrew.weissman@wilmerhale.com

*Counsel for Kimberly Ockene*

Dated: August 9, 2012